UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FAROOQUE AHMED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00178-JPH-MJD |
| | ) | |
| U.S. DEPT. OF JUSTICE, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Dismissing Petition, Directing Payment of Filing Fee, and
Providing Opportunity to Show Cause**

Petitioner Farooque Ahmed, an inmate at the Federal Correctional Institution in Terre Haute, Indiana (FCI Terre Haute), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he is being exposed to hazardous materials at the prison. For relief, he requests that that the Bureau of Prisons or the Warden correct these conditions.

Mr. Ahmed's § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rose v. Hodges,* 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). Accordingly, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact

1

or length of detention." *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions"); *see also Ammiyhuwd v. Pompeo*, 772 F. App'x 345, 346 (7th Cir. 2019).

Thus, in cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that he must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). The Court cannot "convert" the action to a civil rights or other action. *Robinson,* 631 F.3d at 841. Thus, because Mr. Ahmed has does not challenge the fact or duration of his custody, but only the conditions of his confinement, he cannot proceed in this § 2241 petition.

For the foregoing reasons, the habeas petition is **summarily dismissed.** Mr. Ahmed shall have **through May 14, 2021,** in which to **show cause** why Judgment consistent with this Order should not be entered. Failure to do so will result in the dismissal of this action with prejudice without further notice. Furthermore, the petitioner shall have **through May 14, 2021,** in which to either pay the $5 filing fee or demonstrate his inability to do so.

**SO ORDERED.**

Date: 4/22/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

FAROOQUE AHMED
77315-083
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808